THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Anthony
 Acanfora, Appellant.
 
 
 

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2011-UP-512   
 Heard November 16, 2011  Filed November
28, 2011

AFFIRMED

 
 
 
 Appellate Defender M. Celia Robinson and Appellate
 Defender Elizabeth A. Franklin-Best, both of Columbia, for Appellant.
 Attorney General Alan M. Wilson, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, and Assistant Attorney General Deborah R.J. Shupe, all of
 Columbia; and Solicitor Barry Barnette, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Anthony
 Acanfora appeals his conviction for second-degree burglary.  He argues the
 trial court erred in two respects: (1) denying his motions for a directed
 verdict and new trial and (2) prohibiting him from questioning a witness
 pursuant to the Confrontation Clause and Rule 608(c), SCRE, about the State's
 dismissal of warrants issued against the witness for the same charges issued
 against Acanfora.  We affirm pursuant to Rule 220(b)(1), SCACR, and the
 following authorities:  

1.  As to the first
 issue: S.C. Code Ann. § 16-11-312(B)(3) (2003)
 ("A person is guilty of burglary in the second degree if the person enters
 a dwelling without consent and with intent to commit a crime therein, and
 . . . [t]he entering or remaining occurs in the nighttime."); State v. Thompson, 374 S.C. 257, 262, 647 S.E.2d 702, 705 (Ct. App.
 2007) ("Mere presence and prior knowledge that a crime was going to be
 committed, without more, is insufficient to constitute guilt.  However,
 presence at the scene of a crime by pre-arrangement to aid, encourage, or abet
 in the perpetration of the crime constitutes guilt as a [principal]."
 (alteration in quoted sentence) (citations and internal quotation marks
 omitted)); id. at 263-64, 647 S.E.2d at 705-06 (holding the record
 contained sufficient evidence the defendant aided another in the commission of
 a burglary).
2.  As to
 the second issue: State v. Page, 378 S.C. 476, 485, 663 S.E.2d 357, 361
 (Ct. App. 2008) (holding that even if the trial court erred, the alleged error
 "was harmless beyond a reasonable doubt"); see also State
 v. Mizzell, 349 S.C. 326, 333, 563 S.E.2d 315, 318 (2002) ("Whether an
 error is harmless depends on the particular facts of each case and upon a host
 of factors including: the importance of the witness'[s] testimony in the
 prosecution's case, whether the testimony was cumulative, the presence or
 absence of evidence corroborating or contradicting the testimony of the witness
 on material points, the extent of cross-examination otherwise permitted, and of
 course the overall strength of the prosecution's case.").
AFFIRMED.
FEW, C.J., and
 THOMAS and KONDUROS, JJ., concur.